IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MARVIN M. WALLER, | : | |
| Plaintiff | : | |
| VS. | : | |
| Officers RYAN KELLY, CHRIS STRICKLAND, and MARK LYLES, | : | NO. 7:10-CV-148 (HL) |
| Defendants | : | **O R D E R** |

Plaintiff **MARVIN M. WALLER**, an inmate at the Tift County Jail in Tifton, Georgia, has filed a *pro se* 42 U.S.C. § 1983 civil rights complaint.

Plaintiff also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee. Prison officials are directed to collect the Court's $350.00 filing fee when plaintiff's account exceeds $10.00 and forward payments to the Clerk of this Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). The Clerk of Court is directed to send a copy of this order to the business manager of the Tift County Jail.

*I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of

a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot

satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). ***See also*** 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. BACKGROUND*

Plaintiff sues Officers Ryan Kelly, Chris Strickland, and Mark Lyles of the Tift County Sheriff's Department. Plaintiff alleges that he was arrested on February 18, 2010, following a traffic stop, and has since been detained at the Tift County Jail. According to plaintiff, Officer Kelly lied about having a search warrant, searched plaintiff's vehicle, and found unspecified drugs. Because plaintiff failed to state on his complaint form the status of his criminal proceeding, on December 13, 2010, a staff attorney from this Court telephoned the Tift County Jail to inquire. Plaintiff is still awaiting disposition of his state charges.

Plaintiff files this action seeking $999,000.99 in damages.

## *III. DISCUSSION*

The Supreme Court's decision in ***Younger v. Harris,*** 401 U.S. 37 (1971), mandates that this Court abstain from interfering with plaintiff's pending state court criminal proceedings. In ***Younger***, the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." ***Younger*** abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to

raise constitutional issues. ***Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n***, 57 U.S. 423, 432 (1982). The Eleventh Circuit has held that damage actions such as the case at bar fall within the ambit of the ***Younger*** doctrine. ***Doby v. Strength***, 758 F.2d 1405, 1406 (11th Cir. 1985).

Each of the requirements for ***Younger*** abstention is satisfied in this case. Plaintiff's state criminal proceeding is still pending, involves important state interests, and will afford plaintiff the opportunity to present his constitutional objections to the search of his vehicle. Accordingly, this Court must abstain from interfering in plaintiff's ongoing criminal prosecution in Georgia.

## *VI. CONCLUSION*

Based on the foregoing, the instant complaint is hereby **DISMISSED** as frivolous under 28 U.S.C. § 1915A.

**SO ORDERED**, this 16th day of December, 2010.

/s/ Hugh Lawson
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr